EDMUND G. WALTON vs. JOHN S. CLARK et al.

Argued July 12, 1893. Affirmed July 31, 1893.

**Verdict Supported by Evidence.**
Evidence *held* sufficient to support the verdict.

**A Volunteer cannot Collect Pay for his Service.**
Where there is no agency or employment shown, the mere fact that the owner of property made a sale thereof to a purchaser introduced by a real-estate broker who had voluntarily undertaken to find a purchaser for the property, but without authority from the owner, is insufficient to establish a liability for commissions.

Appeal by plaintiff, Edmund G. Walton, from an order of the District Court of Hennepin County, *Frederick Hooker*, J., made January 26, 1893, denying his motion for a new trial.

Plaintiff claimed that defendants John S. Clark and Alden H. Smith employed him as agent and broker to procure a purchaser for their house and lot in Sunnyside Addition, Minneapolis, and agreed to pay him, in case he succeeded, five per cent. on the first $1,000 and two and a half per cent. on the balance of the price. He alleged that he found and introduced Arthur B. Rugg to defendants, and he bought the property for $9,150. Plaintiff asked judgment for $253.75. Defendants denied that they employed plaintiff. The jury returned a verdict for defendants. A new trial was denied, and plaintiff appeals.

*Welch & Welch,* for appellant.

*Freeman P. Lane* and *Wm. H. Briggs,* for respondents.

VANDERBURGH, J. This action is brought to recover commissions alleged to be due plaintiff for procuring a purchaser of certain real estate owned by defendants. The testimony of the parties is conflicting upon the question of the agency of the plaintiff in the premises, or his employment by the defendants to effect a sale, and we think this question was fairly left to the jury, and the verdict is supported by the evidence. It is true the defendants, in their testimony, do not, in terms, contradict every statement, in detail, made by the plaintiff and his witnesses; but we think the plaintiff's evidence was fully met and covered

by the testimony of the defendants, which, in substance, tended to prove that they notified plaintiff that they would handle the property themselves, and that they never, at any time or in any manner, employed him, or requested him to sell the property or find a purchaser, or had any conference with him looking to such employment or agency. It is true the plaintiff interested himself in procuring a purchaser, and defendants dealt with a person introduced by him as they would with any other person, but not, if their testimony is to be believed, in pursuance of any agreement with, or employment of, plaintiff, or with any expectation of paying a commission.

2. There was no error in the charge of the court. If there was no agency or agreement to employ plaintiff, defendants' subsequent acts in consummating a bargain with a party introduced by plaintiff would not create a liability. The mere fact that plaintiff had been instrumental in bringing the parties together, as any third party might have volunteered to do, would not debar the defendants from treating with him, nor, if they did so, either directly, or through plaintiff, would it establish or recognize an agency, in the absence of any agreement between the parties, and against the consent of the defendants. On the other hand, what passed between the parties, and their acts in the premises, might have a bearing upon the question whether there was any employment or agency; and upon that question the jury were instructed that they ought to consider "all that was done, and all the evidence in the case, relevant to the issue."

The record discloses no error requiring the interference of this court.

Order affirmed.

(Opinion published 56 N. W. Rep. 40.)