H. A. SHAW and Another v. BENJAMIN T. GOLDMAN.[1]

December 3, 1909.

Nos. 16,336—(116).

**Broker's Commission — Evidence.**

> In an action by real estate brokers to recover a commission alleged to be due them for services rendered defendants, it is *held* that the evidence is insufficient to justify a finding that plaintiffs were ever employed or otherwise authorized by either of the defendants to sell or exchange their property.

[1]Reported in 123 N. W. 475.

Action in the district court for Ramsey county against Benjamin T. Goldman and Mary T. Goldman to recover $2,500 for services in finding a purchaser for certain real property. Defendants, after expressly denying in their answer certain allegations of the complaint, alleged that defendant Mary T. Goldman was not within the state of Minnesota at any of the periods referred to in the complaint. The case was tried before Orr, J., who directed a verdict in favor of defendant Benjamin T. Goldman, the action having been dismissed as to Mary T. Goldman, there being no evidence to connect her with the transaction. From an order denying plaintiffs' motion for a new trial, they appealed. Affirmed.

*Humphrey Barton,* for appellants.

*C. D. & R. D. O'Brien,* for respondents.

BROWN, J.

Action to recover a commission alleged to have been earned by plaintiffs in procuring a purchaser for certain real property owned by defendants, mother and son, and which they desired to sell or exchange. At the conclusion of the trial the action was dismissed as to defendant Mary T. Goldman, and a verdict directed in favor of defendant Benjamin T. Goldman. Plaintiffs appealed from an order denying a new trial.

The facts, in brief, are as follows: Defendants were the owners of certain real property in the city of St. Paul, described in the record as the Virginia Flats. One Suttle was the owner of twenty-seven hundred acres of land in Norman county, known as the Lockhart farm. One Drury was Suttle's agent at St. Paul for the sale of the farm or its exchange for city income property. Plaintiffs were real estate dealers, or brokers, doing business at St. Paul, and on the lookout for transactions along their line. They learned through a tenant that defendants desired, or were willing, to exchange the flats for other property, and after obtaining authority from Drury, agent for the Suttle land, approached defendant Benjamin Goldman to ascertain the terms on which he would be willing to make an exchange of the flats, and at the same time brought his attention to the Lockhart farm, saying that probably an exchange could be ef-

fected. Subsequent negotiations between the several parties, and after Suttle had appeared on the scene, led to a definite proposition of exchange by Goldman, which Suttle promptly rejected, whereupon the parties separated, and the negotiations were brought to an end. Suttle left town, but returned in a few days, when Drury and plaintiffs, without further consultation or authority from defendants, again approached him in an effort to bring him to an acceptance of the terms of the exchange proposed by Goldman, and which he had previously rejected. He finally concluded to accept the proposition, and so informed plaintiffs. Whereupon plaintiffs prepared a contract and submitted it to defendant Benjamin Goldman for signature, and he promptly rejected it and refused to sign. As presented to him, it was not signed by Suttle, or by Drury, his agent, but was substantially the same as the original proposition previously rejected by Suttle. Thereafter plaintiffs brought this action to recover two and a half per cent. of the agreed value of the flat property, $100,000, which they claimed defendants agreed to pay them for the production of a purchaser ready, willing, and able to make an exchange upon terms acceptable to defendants.

It is not claimed that the action was improperly dismissed as to Mrs. Goldman. She was not a party to any of the negotiations, and the evidence does not show that her son had authority to act for her. The only question, therefore, is whether a case was made against defendant Benjamin Goldman.

We discover no satisfactory evidence in the record that plaintiffs were ever employed, or otherwise authorized, by this defendant to make an exchange of the property. When plaintiffs first approached defendant, they were confessedly acting for Drury, agent for the Lockhart farm, and the record discloses no tangible proof of when, if ever, they became the agents of defendant. The testimony of plaintiff Shaw, who seems to have attended to all matters in reference to the transaction, is contradictory in many respects, and insufficient to justify a finding of their employment. At one point he testified that he was authorized by defendant Benjamin to make an exchange of the flats for other property. Again he said, speaking of his conversation with this defendant: "He didn't say he would authorize

me. He told me that he would trade it for land." And in answer to the direct question whether defendant ever in fact authorized him to trade the property, he said: "Why, yes; I call it that." He interpreted and spelled out an employment which his other testimony, taken as a whole, together with the surrounding circumstances, does not sustain. If plaintiffs had been employed or authorized to find a purchaser, or to bring about an exchange of the property, without limit as to time, then the mere fact that one proposition was rejected would not necessarily put an end to their authority to look up another, or to induce the same person to reconsider the rejection of the proposition submitted. But the evidence will not justify a finding of employment, or other authority, and the trial court properly directed a verdict against plaintiffs.

Order affirmed.

O'BRIEN, J., took no part.