### ERNST J. SOLBERG v. L. GRODNIK.[1]

June 5, 1925.

No. 24,739.

**Broker not entitled to commission for finding purchaser.**
   The evidence does not sustain a finding of the jury that the plaintiff, a real estate broker, was the agent of the defendant in finding a purchaser of his real property. He cannot recover a commission.

   1. See Brokers, 9 C. J. p. 655, § 127.

Action in the district court for Hennepin county. The case was tried before Baldwin, J., and a jury which returned a verdict for

[1]Reported in 204 N. W. 465.

plaintiff. Defendant appealed from an order denying his motion for judgment notwithstanding the verdict or for a new trial. Reversed.

*Sam J. Levy,* for appellant.

*D. W. George,* for respondent.

DIBELL, J.

Action by the plaintiff, a real estate broker, to recover the reasonable value of his services in procuring for the defendant a purchaser for his real property. There was a verdict for the plaintiff and the defendant appeals from the order denying his alternative motion for judgment notwithstanding or a new trial.

In the early part of 1923 the defendant Grodnik purchased through the plaintiff Solberg, the agent of the seller, real property in Minneapolis for $5,600. Afterwards Solberg endeavored to purchase it of Grodnik for his client Rosenstein, and at his instance. Grodnik was averse to selling. At one time Solberg says that he said: "You get me a price of $200 a front foot and I think I will take it." And at another time he would say that he did not want to sell at all, that he wanted to improve it. Solberg persisted "with the idea of getting him to sell it, because I had Mr. Rosenstein as a buyer for it." Solberg said that "during all this time Mr. Grodnik had off and on implied to me that he would sell if he could double his money." He finally sums it up: "The essence of the conversation at the store was practically the same; that if I could get him $200 a front foot he would sell. I told him the price was too high and that I did not think I could get it for him, but that I would submit it to my client and see whether he would pay it." Rosenstein agreed to pay this amount. Solberg made an earnest money contract for Grodnik and Grodnik refused to sign it.

The evidence is susceptible of but one construction. Solberg was trying to buy for Rosenstein; not to sell for Grodnik. Before he can recover a commission he must show that he was employed by Grodnik. The contract need not be expressed. It may be implied in fact; but there must be a true contract. Coffin v. Linxweiler, 34 Minn. 320, 25 N. W. 636; Stillman v. Fitzgerald, 37 Minn. 186, 33 N. W. 564; Walton v. Clark, 54 Minn. 341, 56 N. W. 40; Shaw

v. Goldman, 109 Minn. 213, 123 N. W. 475. The plaintiff urges that a broker may solicit of the owner the privilege of finding a purchaser for his property, and finding one is entitled to compensation. That a broker may obtain from the owner permission to offer his property for sale, or find a purchaser, under such circumstances that an agreement to pay for his services may be implied in fact, is not to be doubted. This case is not within the rule. Solberg was not the representative of Grodnik. There should be judgment notwithstanding.

Order reversed.